**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq. (LR 5733)
Phillip Kim, Esq. (PK 9384)
Timothy W. Brown, Esq. (TB 1008)
350 5th Avenue, Suite 5508
New York, New York 10118
Tel: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com
Email: pkim@rosenlegal.com
Email: tbrown@rosenlegal.com

[Proposed] Lead Counsel for Plaintiffs and Class

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
QUANG LE, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,

    Plaintiff,

    v.

SPONGETECH DELIVERY SYSTEMS, INC., MICHAEL L. METTER, STEVEN MOSKOWITZ FRANK LAZAUSKAS, AND RM ENTERPRISES INTERNATIONAL, INC.,

    Defendants.
---------------------------------------------------------------X
JEFFREY P. ORLAN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,

    Plaintiff,

    vs.

SPONGETECH DELIVERY SYSTEMS, INC., MICHAEL L. METTER, STEVEN MOSKOWITZ, FRANK LAZAUSKAS, AND RM ENTERPRISES INTERNATIONAL, INC.,

    Defendants.
---------------------------------------------------------------X

Case No.: 09-CV-8616 (JGK)

CLASS ACTION

**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF THE SCHICK GROUP TO CONSOLIDATE RELATED ACTIONS; APPOINT LEAD PLAINTIFF; AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL**

Case No.: 09-CV-9037 (JGK)

CLASS ACTION

1

Michael Schick, Daniel Guo, and John D. McCosh (collectively the "Schick Group"), respectfully submit this memorandum of law in support of their motion for an Order, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Fed. R. Civ. P. 42(a):

(1)   consolidating the above-captioned related actions;

(2)   appointing the Schick Group and its members individually and collectively as Lead Plaintiff for the class of all purchasers of the shares of SpongeTech Delivery Systems, Inc. ("SpongeTech" or the "Company") during the period between April 15, 2008 and October 5, 2009, inclusive (the "Class Period"); and

(3) approving the Schick Group's selection of The Rosen Law Firm, P.A. as Lead Counsel for the Class.

## INTRODUCTION AND BACKGROUND

SpongeTech is a company which designs, produces, and markets reusable cleaning products, *i.e.* soap-filled sponges, for car care and household uses. The Complaint asserts that SpongeTech's current officers and directors failed to disclose in their public statements, among other things, (a) accurate figures in quarterly and annual reports filed with the SEC; and (b) Defendants were engaged in a stock manipulation scheme that involved, among other things, the forging of certain opinion letters by SpongeTech in order for certain shareholders to sell their shares; (c) SpongeTech's sales of its stock at a cost 40% or at a greater discount below market price to RM Enterprises followed by RM Enterprises sales of the same shares at a significantly higher price. The officers of SpongeTech are the same as those of RM Enterprises. Therefore, these individuals obtained the money from the sale of these shares. There is reason to believe the

selling of the shares by RM Enterprises is an undisclosed and improper public offering. The money from the sale of the shares has not been transferred back to SpongeTech; and (d) The Company's reported revenue during the Class Period was false or misleading. The Complaint asserts that these nondisclosures rendered the Company's affirmative statements during the Class Period false. The Complaint alleges that when the market began to learn of the truth, investors were damaged as SpongeTech's stock price began to fall, damaging Plaintiffs and the class.

On October 9, 2009, the Rosen Law Firm, P.A. filed the first of these actions against SpongeTech's current officers and directors for violations of Sections 10(b) and 20(a) of the Exchange Act, and Rule 10b-5 promulgated thereunder, on behalf of all purchasers of SpongeTech securities during the Class Period. That same day, the Rosen Law Firm, P.A. issued a PSLRA early notice advising class members of, among other things, the allegations and claims in the Complaint and the option for class members to seek appointment as Lead Plaintiff. *See* Declaration of Phillip Kim filed herewith, ("Kim Decl."), Ex. 1.

## ARGUMENT

### I.    THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15

U.S.C. 78u-4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a). *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 435 (S.D.N.Y. 2008).

The above-captioned actions should be consolidated because the related actions allege the same class period and the same factual and legal grounds to support allegations of violations of Sections 10(b) and 20(a) of the Exchange Act by the Defendants arising from dissemination to the investing public of false and misleading information contained in the Company's periodic filings with the SEC and/or public announcements. Accordingly, the above-referenced cases should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

## II.   THE SCHICK GROUP SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the latter of (i) 60 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or ***group of persons***" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii) (*emphasis added*).

As set forth below, the Schick Group satisfies all of these criteria and thus entitled to the presumption it is the most adequate plaintiff of the class and, therefore, should be appointed Lead Plaintiff.

### A.    The Schick Group is Willing to Serve as Class Representatives

The Schick Group has filed the instant motion, and Group members have filed with the Court certifications attesting their willingness to serve as a representative of the class and to provide testimony at deposition and trial, if necessary *See* Kim Decl., Ex. 2.  The Schick Group has been actively working to prosecute this action and have agreed to work together as a group. Accordingly, each of the members of the Schick Group satisfies the first requirement to serve as Lead Plaintiff for the Class.

### B.    The Schick Group Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or **group of persons** that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii) (emphasis added).  "While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Trust v. Molex*, 229 F.R.D. 577, 579 (N.D. Ill. 2005).  Of the *Lax/Olsten*-styled[1] factors in determining the largest financial interest, the financial loss is the most significant factor.  *Fuwei Films*, 247 F.R.D. at 437 (citing *Kaplan v. Gelfond*, 240 F.R.D. 88, 93 (S.D.N.Y. 2007); *see also Richardson v. TVIA, Inc.*, 2007 WL 1129344 * 4 (N.D. Cal. Apr. 16, 2007) (of the *Lax/Olsten* factors approximate loss is most determinative).  Indeed,

---

[1]  *Lax v. First Merch. Acceptance Corp.*, 1997 WL 461036 *5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Secs. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).

"the best yardstick by which to judge 'largest financial interest' is the amount of loss, period". *In re Bally Total Fitness, Sec. Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

Movant Michael Schick purchased 1,052,500 shares of SpongeTech stock at a cost of $191,446.32 during the Class Period. Thus, Mr. Schick has suffered approximate losses of $138,821.32.[2] *See* Kim Decl., Ex. 3.

Movant Daniel Guo purchased 1,250,000 shares of SpongeTech stock at a cost of $192,938.00 during the Class Period. Mr. Guo sold 250,000 of those shares and retained the balance. Thus, Mr. Guo has suffered approximate losses of $102,688.00. *Id.*

Movant John McCosh purchased 1,329,303 shares of SpongeTech stock at a cost of $285,560.35 during the Class Period. Mr. McCosh sold all of these shares for proceeds of $176,133.92. Thus, Mr. McCosh has suffered approximate losses of $109,426.43. *Id.*

Thus, the Schick Group has suffered collective losses of $350,935.74. This Group has the largest financial interest of any class member that has made an appearance in this litigation to date.

With only three members, the Schick Group is small enough and cohesive so that coordinated decision making should not present any difficulties. *See e.g. In re Nature's Sunshine Products, Inc.*, 2006 WL 2380965 (D. Utah Aug. 16, 2006) (appointing group of three unrelated investors lead plaintiff); *Weltz v. Lee*, 199 F.R.D. 129, 133 (S.D.N.Y. 2001); s*ee also In re Baan Co. Sec. Litig.*, 186 F.R.D. 214, 217 (D.D.C.1999); *In re Cendant Corp. Sec. Litig.*, 264 F.3d 201, 267 (3d. Cir. 2001); *In re The First Union Corp. Sec. Litig.*, 157 F. Supp.2d 638, 643 (W.D.N.C. 2000); *In re Universal Access, Inc. Sec. Litig.*, 209 F.R.D. 379, 384 (E.D. Tex.

---

[2]  In determining losses for held shares, Movants use the average daily closing price of the Company's stock after the end of the Class Period to December 7, 2009—the 90 day lookback price—which is $.05. *See In re MicroStrategy, Inc. Secs. Litig.*, 110 F. Supp.2d 427, 436 n. 22 (E.D. Va. 2000) (applying PSLRA look-back period); 15 U.S.C. §78u-4(e)(1).

2002); *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (co-lead plaintiff group allows for broad representation and sharing of resources and experience).

The Schick Group is not aware of any other movants that have suffered greater losses in SpongeTech securities during the Class Period. Accordingly, with total losses of over $350,000, the Schick Group satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

### C. The Schick Group Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiffs must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiffs satisfy the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification -- a *prima facie* showing that the Movants satisfy the requirements of Rule 23 is sufficient. *Fuwei Films*, 247 F.R.D. at 439 (only a *prima facie* showing is required) (citations omitted). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *Id.*, at 437; *Oxford Health Plans*, 182 F.R.D. at 49.

The Schick Group and each of its members fulfill the requirements of Rule 23. Their claims each share substantially similar questions of law and fact with the members of the class and their claims are typical of those of the members of the class. Each of the members of the Group and all members of the class allege that defendants violated the Exchange Act by failing to disclose material facts about SpongeTech's business. Each of the members of the Schick Group, as did all of the members of the class, purchased SpongeTech shares at prices artificially inflated by defendants' misstatements and omissions and was damaged thereby. These shared claims also satisfy the requirement that the claims of the representative parties be typical of the claims of the class.

Thus, the close alignment of interests between the Schick Group and other class members, as well as the formers' strong desire to prosecute these actions on behalf of the class, provides ample reason to grant the Movants' motion to serve as Lead Plaintiffs.

### D. The Schick Group Will Fairly and Adequately Represent the Interests of the Class and Are Not Subject to Unique Defenses

The presumption in favor of appointing the Schick Group as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

  (a) will not fairly and adequately protect the interest of the class; or

  (b) is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

The Group and each of its members' ability and desire to fairly and adequately represent the class have been discussed in Section C, above. The Schick Group is not aware of any unique defenses defendants could raise against them that would render any of them inadequate to

represent the class. Accordingly, the Court should appoint the Schick Group as Lead Plaintiff for the class.

### III. THE SCHICK GROUP'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

The Schick Group has selected The Rosen Law Firm, P.A. as Lead Counsel. The Rosen Law Firm has been actively researching the class Plaintiffs' claims - interviewing potential witnesses, reviewing financial and legal documents, seeking relevant data from third parties, and gathering other information in support of the claims against the defendants. Furthermore, the Rosen Law Firm is experienced in the area of securities litigation and class actions, and has successfully prosecuted securities litigations and securities fraud class actions on behalf of investors. *See* Kim Decl., Ex. 4.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, the Schick Group's counsel has the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving the Group's selection of Lead Counsel, the members of the class will receive the best legal representation available.

### CONCLUSION

For the foregoing reasons, the Schick Group respectfully requests that the Court issue an Order (1) consolidating the related actions; (2) appointing the Schick Group and each of its members as Lead Plaintiff of the class; (3) approving the Group's selection of The Rosen Law

Firm, P.A. as Lead Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

                                  Respectfully submitted,

Dated: December 8, 2009

**THE ROSEN LAW FIRM, P.A.**

      /s/ Phillip Kim
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
Timothy W. Brown, Esq. (TB 1008)
350 Fifth Avenue, Suite 5508
New York, New York 10118
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com
Email: tbrown@rosenlegal.com

[Proposed] Lead Counsel for Plaintiffs and Class

**CERTIFICATE OF SERVICE**

      I hereby certify that on this on the 8th day of December, 2009, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.


                                        /s/ Phillip Kim